MONROE–GOLDKAMP CO. *v.* UNITED STATES (No. 2640)[1]

1. EVIDENCE, SUFFICIENCY—CREDIBILITY OF WITNESSES—PRESUMPTION FAVORS BOARD.

    With the issue depending upon the veracity of contradictory witnesses, the judgment of the Board of United States General Appraisers is affirmed.

2. REHEARING DISCRETIONARY.

    An appeal to this court from an order of the Board of United States General Appraisers denying a rehearing is of no avail unless it clearly appears that there was an abuse of discretion. Where the application was for the purpose of introducing cumulative testimony upon an issue which was, or ought to have been, clearly known to applicant before the trial, there was no such abuse.

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, Abstract 49274

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

---

[1] T. D. 41429.

[Oral argument December 18, 1925, by Mr. Tompkins and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Paragraph 1458 of the Tariff Act of 1922 provides for a duty of 25 per centum ad valorem upon "White bleached beeswax."

Paragraph 1693 of the act gives free entry to—

Wax: Animal, vegetable, or mineral, not specially provided for.

A question presented by this appeal is whether the imported merchandise is dutiable under the first-mentioned paragraph, as classified by the collector, and held by the board, or is entitled to free entry under the second paragraph, as claimed by the importer. The real issue, however, is whether the board's finding is supported by the evidence and that, in turn, reduces solely to a question of the veracity of witnesses, the issue being whether a certain sample of wax produced by the importer did or did not represent the importation, the Government claiming that it did not and the importer asserting that it did. If the two witnesses who testified for the importer are believed, the board erred; if the testimony of the one who was called by the Government is believed, the judgment must on the merits be affirmed.

The importer's evidence directly tends to support its claim; the Government's evidence equally tends to support its contention and the board's finding. The case, therefore, is one that invites the application of the rule that the triers who see and hear the witnesses are better judges of their veracity than the appellate court. Applying that rule, the judgment of the board that the merchandise was properly classified by the collector must be affirmed.

Importer filed an unverified petition for rehearing supported, however, by the affidavit of its president. The affidavit states in substance that if the motion be granted, importer could and would produce additional testimony from two new witnesses "who were not available when the case was called for trial," tending to show that the sample it produced truly represented the merchandise. For the denial of this motion importer assigns error.

Rule 30 of the Board of General Appraisers provides that applications for rehearing must clearly state the grounds or reasons therefor, that "if the grounds do not appear from the record the application must be accompanied by affidavits setting out in detail the facts upon which the petition is based." This rule is based upon the authority conferred by section 518 of the act of 1922, to "grant a rehearing or retrial of said case, when in the opinion of said board or said general appraiser the ends of justice so require."

The general rule in Federal courts is that the denial by the trial court of motions for rehearing will not, on writ of error, be reviewed

in appellate courts. *Newcomb* v. *Wood*, 97 U. S. 581; *Pugh* v. *Bluff City Excursion Co.*, 177 Fed. 399; *Felton* v. *Spiro*, 78 Fed. 576.

On appeals of this kind to this court, we do not review such denials by the board unless it clearly appears that the discretion vested in it has been abused. *Draeger Shipping Co.* v. *United States*, 13 Ct. Cust. Appls. 419, T. D. 41341; *Bache & Co.* v. *United States*, 6 Ct. Cust. Appls. 507.

It is obvious that the real ground of importer's motion is that it should have an opportunity to introduce cumulative testimony on an issue clearly known to importer before the case was tried, or of which it was charged with knowledge. The supporting affidavit discloses no reasons why the absent witnesses were "not available." Nor is there any affidavit from them as to what, in fact, their testimony would be. To hold that the importer was entitled as matter of law to a rehearing, would be to say that it had a right to try its case by piecemeal; in other words, to take a chance on the trial by producing a part of its evidence on a material issue and, if not successful, to again and perhaps again obtain a retrial on the ground that it did not produce at the former trial all the evidence at its command which tended to support its claim.

Clearly it is not entitled to that privilege, and the board was right in denying the motion. Indeed, importer does not point out in what respect it claims the board erred in denying the same.

On the whole, we find no error below and the judgment of the Board of General Appraisers is *affirmed*.