THE TAGGESELL CO. (INC.) *v.* UNITED STATES (No. 3141)[1]

United States Court of Customs and Patent Appeals, April 2, 1929

*Barnes, McKenna & Halstead* (*Samuel M. Richardson* of counsel) for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

[1] T. D. 43318.

[Oral argument January 31, 1929, by Mr. Richardson and Mr. Igstacdter]

Before Graham, Presiding Judge, and Bland and Hatfield, Associate Judges.

Graham, Presiding Judge, delivered the opinion of the court:

The appellants have filed a petition for remission of additional duties under section 489 of the Tariff Act of 1922. The additional duties involved were imposed by the collector at the port of Buffalo on account of undervaluation of certain importations of parfum flacons, which importations were made on various dates from July 1, 1924, to April 16, 1925, inclusive. The United States Customs Court denied the petition for remission. Thereafter the petitioner; who had appeared without counsel in the hearing before the trial court, employed counsel and through them filed a petition for rehearing. The reasons given in said motion for rehearing are as follows:

Because of the fact that the importers did not have an attorney, they did not know that they had a right to appeal to the division from this decision. They later filed a petition for remission of penalties and in this action they did not have attorneys, nor did they properly plead the facts which would have proven conclusively that there was no intent to defraud the Government on the entries covered by this petition.

We believe that the importers have a meritorious case and that a decision in their favor would have been rendered if the facts had been properly presented to the court.

The motion is signed by counsel, and is not verified. No statement or affidavit appears in connection therewith as to facts which the mover expects to prove if a retrial is had, nor is any other information given to the trial court except that above quoted.

The appellants now bring the case to this court and allege two principal errors: First, that a rehearing should have been granted by the trial court, and that it was an erroneous abuse of discretion to refuse it; second, that under the showing made by the petitioner, remission should have been granted.

The facts, as they appear from the record, are as follows:

The importers, early in the year 1924, made an importation of the same kind of goods here involved. These were entered at the purchase price, which purchase price was substantially the same as the entered prices of the goods involved in the petition now before us. The collector appealed to reappraisement. This appeal was known as reappraisement No. 29889-A. Afterwards the first importation involved here came in—namely, the one of July 1, 1924—and was entered at the purchase price of $9 a gross. Following this entry the appraiser advised the importers that the goods were undervalued, and, according to the importers' testimony, that he, the appraiser, was uncertain about their true value, and was intending to ascertain, through customs agents in Germany, what their true value was. Thereafter the importers continued to enter their goods in succeeding

importations at the same values. These importations continued for almost a year. It appears from the suggestions of counsel that thereupon the importations involved in this case were all appraised and the entered values were advanced to approximately $12 per gross. Thereupon the importers appealed to reappraisement, in two reappraisements numbered, respectively, 45828-A and 47606-A. Thereafter all the pending reappraisement matters were consolidated and tried by a justice of the Customs Court, and the collector's appeal, No. 29889-A, was decided favorably to the importers; this reappraisement was reviewed and resulted in an affirmance of the judgment of the single justice. The importers' appeals in No. 45828-A and No. 47606-A, after being decided adversely to them by the reappraising justice, were not further adjudicated.

On the hearing but one witness, Richard Taggesell, a member of the importing firm, testified. His testimony was, in brief, that he was in Germany and purchased these goods in February, prior to the first entry of a part of the same in March, 1924; that he entered the goods at the purchase prices; that he knew the appraiser thought the goods were entered at too low a value; that the appraiser so advised him, but that he entered them at the purchase prices, relying upon court proceedings for his remedy; that he did not apply for a review of his reappraisement appeals, but filed a petition for remission instead. He also offered in evidence an unsigned, unverified, written statement, which purported to give prices of similar goods in Germany on various dates from April 2, 1924, to February 16, 1925, which statement appears to have been made on or about the 2d day of February, 1926.

The written statement above referred to has little or no probative value. As has been stated, it is unsigned and unverified. Even if its admissibility be conceded, which we do not decide, it does not state that the prices given therein are wholesale prices, or that the quantities named therein are the usual wholesale quantities, or that the transactions therein detailed were made in the ordinary course of trade. It can not be said, therefore, to be of any evidentiary value. The relief must be granted, if at all, on the testimony of Taggesell.

Section 518 of the Tariff Act of 1922 gives to the Board of General Appraisers (now the United States Customs Court) general and broad powers to make rules for the orderly dispatch of its business and to grant rehearings "when, in the opinion of said board or said general appraiser the ends of justice so require." Under that authority the Customs Court has, on December 17, 1926, promulgated rule 29 relative to rehearings. That rule is as follows:

Motions for rehearing under section 518 of the act of 1922 must be made in writing and filed with the clerk of the court within 30 days from the date of the

entry of judgment in the case in which such rehearing is requested. Such motion must clearly state the grounds or reasons therefor. If the grounds do not appear from the record, the motion must be accompanied by affidavits setting forth in detail the facts upon which the motion is based, and the opposing party may have 10 days after such service in which to file objections thereto. Briefs may accompany such motions. No oral argument shall be heard thereon, except as the court may in its discretion otherwise determine. A copy of said motion for rehearing shall be served upon the collector at the port at which the merchandise was entered and upon the opposite parties in interest or their attorneys of record.

We adverted to the quantum and scope of the authority of the Customs Court to make rules of practice under the above-quoted provision of law, in *United States* v. *Sanchez*, 15 Ct. Cust. Appls. 443, T. D. 42642. Following what we there said, we can see no reason why the Customs Court did not have full and complete authority to make the rule above quoted. If so, the rule must be complied with by suitors seeking its benefits. It will be observed that the motion filed herein by the petitioner did not at all comply with said rule.

Furthermore, the granting of such an application has always been held, in this jurisdiction, to be discretionary. Unless there be an abuse of discretion shown, no error can be assigned upon its refusal. *United States* v. *Kelley Hardware Co.*, 12 Ct. Cust. Appls. 204, T. D. 40182; *Draeger Shipping Co.* v. *United States*, 13 Ct. Cust. Appls. 419, T. D. 41341; *Monroe-Goldkamp Co.* v. *United States*, 13 Ct. Cust. Appls. 545, T. D. 41429. There was no error in overruling the application for rehearing.

Nor can we conclude, from this record, that the court below erred in refusing remission. We have heretofore attempted to apply certain common-sense rules to the adjudication of cases arising under section 489 of the Tariff Act of 1922. One of these rules of construction has been stated many times: "That there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him." *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453. We have, on repeated occasions, reaffirmed this rule. *United States* v. *North American Mercantile Co.*, 14 Ct. Cust. Appls. 68, T. D. 41578; *Shainin & Co.* v. *United States*, 16 Ct. Cust. Appls. 320, T. D. 43076; *Walton & Co.* v. *United States*, 16 Ct. Cust. Appls. 100, T. D. 42756. *Shainin & Co.* v. *United States, supra*, is squarely in point. There the importer was advised by the examiner that the value of his goods was in question and was being investigated. This was held by the court to be a sufficient circumstance to put the importer upon notice as to the possible undervaluation of his goods. The same is true here. This importer knew that the customs authorities were claiming his goods were undervalued. Instead of adopting their suggestions, he

concluded to try issues with the Government in the courts. Having failed in this, after due notice, he can not justly complain because he must pay the additional duties required by law. The judgment of the court below is *affirmed*.