UNITED STATES *v.* STRAUSS & BUEGELEISEN (No. 3522)[1]

---

[1] T. D. 46184.

United States Court of Customs and Patent Appeals, January 3, 1933

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument December 8, 1932, by Mr. Folks; submitted on record by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Merchandise was imported by the appellee at the port of New York, which merchandise was classified by the collector as optical glass used in the manufacture of lenses under paragraph 227 of the Tariff Act of 1922. The importer protested, alleging various grounds therefor, but, in the proceedings before the United States Customs Court and here, relied solely upon his claim under paragraph 219 of said act as cylinder glass. On the trial below and here Government counsel conceded the incorrectness of the classification under said paragraph 227 but insisted that the importer had not made the right claim, and that the merchandise was properly dutiable under paragraph 230 of said act as manufactures of glass.

The court below sustained the claim under said paragraph 219, and the Government has appealed, claiming here that the correct judgment in the case should be one overruling the protest and permitting the classification to stand, without approval of its correctness.

The official samples show the glass to be in two forms: First, circular disks of glass having a diameter of about 2⅟₁₆ inches each, and a uniform thickness of about five-sixths inch; second, oblong disks of glass, having one comparatively straight edge, and the remaining portion oval, each being about 3⅛ inches in length, 2 inches in width, and five-sixths inch in thickness.

The testimony and concessions of counsel show these articles to be made of uncolored, unpolished, crown glass. The material from which they were made was glass cylinders, cut, flattened, annealed, and then cut into the pieces here imported. The glass has no magnifying power, and is concededly unfit for optical glass purposes. The importer, Elias Buegeleisen, doing business as Strauss & Buegeleisen, was the only witness called. He testified that the imported articles

were used solely for making goggles, the round disks for goggles used by workmen in various industries for eye protection, and the irregular shaped pieces for use in goggles used by aviators and motorcyclists. He further stated that before these glasses are fitted into the frames of the goggles the edges of the pieces are ground and beveled to make them fit.

These are all the facts as they appear of record.

From a consideration of these facts we are unable to discern wherein it may be properly claimed that the appellee maintained the burden of proof resting upon him herein. Relying upon said paragraph 219, it was not only necessary for him to show that the goods were improperly classified by the collector, but, also, that the goods should have been classified as cylinder, crown, or sheet glass, as defined by said paragraph.

The samples, however, show the goods to be something more than plain glass. They have been subjected to a manufacturing process. They have been dedicated, in so far as this record goes, to a single use and have no other use than in the making of goggles.

The decision of this case is plainly controlled by our judgment in *Konishi Kotakudo Co.* v. *United States*, 17 C. C. P. A. (Customs) 355, T. D. 43798. In that case the imported merchandise was glass blanks, small pieces of glass, cut into various forms, and intended to be used for watch crystals and similar articles. The majority of the court held that each of the articles was dedicated to a single use and that, hence, each was a manufacture of glass, under said paragraph 230. Judges Bland and Lenroot, while disagreeing with the majority in its views on the single-use doctrine, concurred in the conclusion upon the theory that each article—

has been processed from the raw material to a point where it has a distinctive character, name, or use different from that possessed by the original material, and that having undergone such processing, it is immaterial that some one finds more than one use for it.

Plainly, under either the views of the majority or of the specially concurring minority in that case, the articles now before us are manufactures of glass.

Appellee cited the following cases, in the court below, which he claimed supported his contentions: *United States* v. *American Thermo-Ware Co.*, 4 Ct. Cust. Appls. 21, T. D. 33218; *American Thermo-Ware Co.* v. *United States*, 6 Ct. Cust. Appls. 218, T. D. 35465; *Bache & Co.* v. *United States*, 6 Ct. Cust. Appls. 507, T. D. 36128; *Bache & Co.* v. *United States*, 11 Ct. Cust. Appls. 314, T. D. 39129. All of these cases, except the *Bache & Co.* case in 6 Ct. Cust. Appls. 507, *supra*, were cited in the majority opinion of the court in the *Konishi Kotakudo Co.* case, *supra*, and were carefully considered in that case. Hence, no further comment thereon seems to be here necessary.

*Bache & Co.* v. *United States,* 6 Ct. Cust. Appls. 507, T. D. 36128, involved glass disks, made from crown or cylinder glass, bent. The issue in that case was whether the imported articles were dutiable as classified, as unpolished crown or cylinder glass, bent, under paragraphs 99 and 104 of the tariff act of August 5, 1909, or free as glass disks—

rough-cut or unwrought, for use in the manufacture of optical instruments, spectacles, and eyeglasses, and suitable only for such use,

under paragraph 577 of said act. The disks were of plain, clear, bent glass, had no function of transforming the rays of light passing through them, and were used chiefly as parts of automobile goggles. It was held that the importer had not established his claim. We find nothing in this case which militates against the views expressed in the *Kotakudo Co.* case, *supra.*

Our view, therefore, is that the court below erred in sustaining appellee's claim under said paragraph 219, and that the imported goods were properly classifiable under said paragraph 230, unless more specifically provided for in some other paragraph of the act, not put in issue here. The classification made by the collector, although erroneous, must stand, because of the failure of the appellee to make a proper claim.

The judgment of the United States Customs Court is *reversed.*