## FLOREA & CO., INC. *v.* UNITED STATES

No. 5733.—Invoice dated Yokohama, Japan, April 9, 1936.
Entered at New York, N. Y., May 4, 1936.
Entry No. 835546.

### Third Division, Appellate Term

(Decided October 14, 1942)

*William Whynman* for the appellant.
*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the appellee.
Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This case relates to an importation of wool knit gloves imported from Japan, the date of exportation being April 9, 1936. It is before the court on an application for review of the judgment of the trial court which was reported as Reap. Dec. 5489, and also from that court's denial of importer's application for rehearing (Reap. Dec. 5515). The question before us is the proper value of

these gloves as that value has been defined in the law as found in section 402 of the Tariff Act of 1930, in effect at the time of exportation. Neither side makes claim that the foreign value is the proper dutiable value, the questions as presented below being whether the gloves are dutiable on the basis of export value as defined in section 402 (d), *supra*, or upon the American selling price of a similar, competitive, domestic article, under section 402 (g) of the same act.

Section 336 of the said tariff act provides that in order to equalize the differences in the cost of production of any domestic article and of any like or similar foreign article, the President may, under circumstances therein set forth, change the basis of the assessment of duties to the American selling price as defined in said section 402 (g). Acting under authority of this provision of the law, the President issued a proclamation published in 69 Treas. Dec. 393, T. D. 48183, which directed that the duty on wool gloves imported from Japan on or after March 22, 1936, valued at "not more than $1.75 per dozen," should be based upon said American selling price.

The gloves now before us were entered at 6.10 yen per dozen pairs, net, packed. Converted into United States currency that amount is equivalent to $1.76. (See T. D. 48244.) The appellant claims that this is the correct dutiable value of the gloves and that the Presidential proclamation is not applicable. The appraiser of merchandise found the export value of the gloves to be 5.85 yen per dozen pairs, net, packed. This amount, being converted to United States currency, equaled $1.68 per dozen. The gloves were therefore appraised on the basis of the American selling price, in accordance with the proclamation, and the appraiser found such American selling price to be $5.50 per dozen pairs, packed.

We set out the pertinent portions of the statute and the Presidential proclamation as follows:

SEC. 402 * * *.

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

(g) AMERICAN SELLING PRICE.—The American selling price of any article manufactured or produced in the United States shall be the price, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery, at which such article is freely offered for sale to all purchasers in the principal markets of the United States, in the ordinary course of trade and in the usual wholesale quantities in such market, or the price that the manufacturer,

producer, or owner would have received or was willing to receive, for such merchandise when sold in the ordinary course of trade and in the usual wholesale quantities, at the time of exportation of the imported article.

Presidential proclamation:

\* \* \* \* \* \* \*

Now, THEREFORE, I, FRANKLIN D. ROOSEVELT, President of the United States of America, do hereby approve the said report of the United States Tariff Commission and do proclaim that the rates of duty shown by the said investigation to be necessary (within the limit provided in said section 336) to equalize such difference on knit gloves and knit mittens, finished or unfinished, wholly or in chief value of wool, valued as defined in subdivisions (c), (d), (e), and (f) of section 402 of the said act of June 17, 1930, in the order specified in section 402 (a) at not more than $1.75 per dozen pairs, are 40 cents per pound and 35 per centum ad valorem based upon the American selling price as defined in the said section 402 (g) of knit gloves and knit mittens, finished or unfinished, wholly or in chief value of wool, manufactured or produced in the United States.

In support of its claim the appellant produced witnesses who testified that the price of 6.10 yen per dozen, set forth on the invoice, was the price paid for these gloves. On the other hand the Government's witnesses testified that the purchase price was 5.85 yen per dozen and that other sales were made in Japan, for exportation to the United States, at that price during the period at which these gloves were exported. On the question of the American selling price of a similar competitive domestic article an American manufacturer testified on behalf of the Government that during this period similar competitive goods were sold in the domestic market at $5.25 per dozen, less 2 per centum.

Upon this record the trial court found as follows:

Ruling upon certain motions and objections as to the admission or rejection of certain evidence or offered exhibits was reserved by Brown, J., who heard this case, for action at the time of writing the opinion. I have carefully considered this matter and I find that none of the evidence covered by these reserved rulings has any bearing upon the proper dutiable value of the gloves in this case. As to these matters I, therefore, leave the record in the same status in which the trial judge left it.

After carefully considering and examining all the evidence before me as to the proper value of the gloves in this case, I find and hold the plaintiff has failed by competent, credible evidence to show an export value for the gloves of more than $1.75 per dozen pairs, and that, therefore, the merchandise is subject to appraisement under section 402 (g) of the act of 1930. I further find and hold that the proper dutiable value of the gloves, as that value is defined in said section 402 (g), is $5.25 per dozen pairs, less 2 per centum. Judgment will be rendered accordingly.

From this holding the importer, the appellant herein, filed a motion for rehearing which was denied by the trial court. Appellant has assigned this denial of its motion as error. Section 518 of the Tariff Act of 1930 provides:

\* \* \*. A division of the court deciding a case or a single judge deciding an appeal for a reappraisement may, upon the motion of either party made within

thirty days next after such decision, grant a rehearing or retrial of such case when in the opinion of such division or single judge the ends of justice so require.

\* \* \* \* \* \* \*

Under this provision in the statute and under the ordinary rules of law the disposition of a motion for rehearing is within the judicial discretion. However, it is well settled that the denial of such a motion cannot properly be reviewed by an appellate court unless an abuse of such discretion is shown. In the case of *Monroe-Goldkamp Co.* v. *United States*, 13 Ct. Cust. Appls. 545, T. D. 41429, the court stated the rule in Federal courts as follows:

> The general rule in Federal courts is that the denial by the trial court of motions for rehearing will not, on writ of error, be reviewed in appellate courts. *Newcomb* v. *Wood*, 97 U. S., 581; *Pugh* v. *Bluff City Excursion Co.*, 177 Fed. 399; *Felton* v. *Spiro*, 78 Fed. 576.
>
> On appeals of this kind to this court, we do not review such denials by the board unless it clearly appears that the discretion vested in it has been abused. *Draeger Shipping Co.* v. *United States*, 13 Ct. Cust. Appls. 419, T. D. 41341; *Bache & Co.* v. *United States*, 6 Ct. Cust. Appls. 507.

Inasmuch as we find no abuse of discretion on the part of the trial court in denying the rehearing its action in that regard will not be reviewed in this court.

Under the statute the burden of proof rested upon the appellant. The court below found that such burden had not been met in that appellant had failed to prove an export value for these gloves of more than $1.75 per dozen pairs, and that therefore they must be appraised upon the basis of American selling price as defined in section 402 (g), *supra*. It was further decided that such value is $5.25 per dozen pairs, less 2 percentum. Upon consideration of the record we find substantial evidence to support this finding. It is therefore affirmed.

Judgment will be rendered accordingly.