F. W. Myers & Co., Inc. *v.* United States (No. 4884) [1]

United States Court of Customs and Patent Appeals, June 10, 1957

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for appellant.

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Daniel I. Auster*, trial attorney, of counsel), for the United States.

[Oral argument February 13, 1957, by Mr. Schwartz and Mr. Auster]

Before Johnson, Chief Judge, and O'Connell, Worley, Rich, and Jackson (retired), Associate Judges

Rich, Judge, delivered the opinion of the court:

This appeal by the importer is from the judgment of the United States Customs Court, First Division, Abstract 59756, denying a petition for the remission of additional duties assessed for under-valuation upon entry, pursuant to the provisions of section 489 of the Tariff Act of 1930, which, so far as pertinent to the petition for remission, reads as follows:

---

[1] C. A. D. 660.

Additional Duties. * * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided except * * * upon the finding of the United States Customs Court, upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and *supported by satisfactory evidence* under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. (Italics supplied.)

There was a motion by appellant in the Customs Court for rehearing which was denied, a matter within the court's discretion. While the denial is assigned as error, appellant's brief devotes only three short sentences to the point, shows no abuse of discretion and we find no reversible error in the ruling. *Monroe-Goldkamp Co.* v. *United States*, 13 Ct. Cust. Appls. 545, T. D. 41429.

The merchandise involved was sold by a Canadian firm located in Quebec to an American firm located in Buffalo, New York. The petitioner-appellant is a customs house broker who made entry at the border, the record failing to disclose whether his principal was the exporter or the importer.

The merchandise was invoiced as aspen lumber crating material, dressed and jointed but was entered and classified as manufactures of wood.

Aspen lumber is free of duty under paragraph 1803, Tariff Act of 1930, but subject to an import tax of $1.50 per thousand board feet under the Internal Revenue Code, section 4551. Manufactures of wood are dutiable at 16⅞% ad valorem under paragraph 412 of the Tariff Act, as modified by trade agreement.

The record indicates that the invoice for the imported merchandise included in the price the import tax of $1.50 per thousand board feet. The sole witness for appellant, the office manager of the customs house broker who prepared and filed the entry, testified that he understood that the goods were sold, all charges included, so that duty was included in the price. To arrive at a value he deducted from the price what he thought was the duty, namely 16⅞%, the duty on manufactures of wood, and the entry fee. This was a mistake based on an erroneous assumption. The assumption appears to have been based on the fact that the goods were classified as manufactures of wood.

Appellant argues that the mistake made was "completely understandable," was "an honest mistake," "a perfectly normal mistake" and that it was made in good faith. It says that having shown this it has met the burden imposed by section 489 of showing by "satisfactory evidence" that the entry was made "without any intention to defraud the revenue of the United States or to conceal or misrepre-

sent the facts of the case or to deceive the appraiser as to the value of the merchandise."

Appellant also introduced in evidence four letters, three sent by the appellant to the Canadian manufacturer of the goods and the fourth which was the reply thereto. Appellant says these exhibits were introduced to show that efforts were made to ascertain the correct dutiable value. The first letter advised the exporter that the Appraiser had directed appellant to obtain its cost of production figures and was dated November 18, 1952. The second of December 8 and the third of December 29, 1952 were follow-ups stating that the Appraiser was demanding the information. On January 12, 1953 the reply finally came giving costs of production and this letter was turned over to the Customs officials.

The witness also testified, by answering "No" to three questions, that he did not intend to defraud the revenue, to conceal or misrepresent facts nor to deceive the Appraiser as to value. This is the entire record made by appellant. The lower court held it "insufficient to warrant a finding in accordance with the prayer of the petition."

The issue in this case resolves itself into the question of whether appellant has supported its petition for remission by "satisfactory evidence," as called for by section 489, that the entry at a less value than that returned upon final appraisal was without intent to defraud the revenue, etc.

We can summarily dispose of the testimony that such an intent was lacking. It is nothing more than a statement of conclusions as to matters which this court must decide on the basis of factual evidence and can be ignored. *Finsilver, Still & Moss v. United States*, 13 Ct. Cust. Appls. 332, 335, T. D. 41250; *R. W. Gresham v. United States*, 27 C. C. P. A. (Customs) 106, 112, C. A. D. 70; *United States v. W. J. Westerfield*, 40 C. C. P. A. (Customs) 115, 124, C. A. D. 507.

As this court said in *Stan Newcomb and Barbara Todd v. United States*, 37 C. C. P. A. (Customs) 18, C. A. D. 413, at p. 27:

\* \* \* it must be borne in mind that it is vital to the public that the revenues of he Government be safeguarded, even if it requires a harsh statute to accomplish it.

It was pointed out in the same case that the parts of section 489 which are material here have appeared in all the general tariff acts beginning with that of July 29, 1897. Since the jurisdiction of this court's predecessor to review petitions for remission was affirmed by the Supreme Court in 1925 in *United States v. Fish*, 268 U. S. 607, it has had many occasions to pass on the nature of the proof required to meet the requirement of "satisfactory evidence," characterized in the *Westerfield* case, *supra*, as "a vital term of the remission statute."

The opinion in the *Westerfield* case, by the late Chief Judge Garrett, contains a very extensive consideration of what a petitioner for re-

mission must show to meet the statutory requirement, pointing out the difficulty arising from the fact that he is under the necessity of proving negatives, and stating that the rule laid down in *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, 591, T. D. 41453, the case on which the Customs Court herein rested its decision, is "the controlling law of today." That rule is in these words:

> * * * Summarized, these adjudicated cases announce certain fundamental facts *which the petitioner must establish* if he is to obtain relief: *First*, He must show that in undervaluing his goods he was acting in entire good faith; *second*, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a *prudent or reasonable person* to question the correctness of the values given by him; *third*, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported. (Emphasis added.)

Added to the above rule is another from the opinion in *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70, followed in *United States* v. *Balfour, Guthrie & Co., Ltd.*, 39 C. C. P. A. (Customs) 199, C. A. D. 487:

> It has frequently been pointed out that the entrant of merchandise owes a duty to inform himself as to the correctness of his representations as to the value of his merchandise and that a showing of indifference to its proper value does not meet the requirements of satisfactory proof under the statute.

On the record we can see little more than a meager showing that appellant complied with the "First" provision of the rule of the *Wolf* case, quoted *supra*, showing, perhaps, that he was not acting in bad faith. The evidence shows that all that was done to arrive at the entry value was to take the invoice price at face value, assuming it included some duty or other, and deduct therefrom an erroneous amount. We have doubts that this would even qualify as "entire good faith." It has been held, moreover, that deduction of duty is not a proper way to arrive at value, *Endicott Johnson Corp.* v. *United States*, 24 C. C. P. A. (Customs) 39, T. D. 48309, and further that invoice prices in themselves do not establish value, *Sears, Roebuck & Co.* v. *United States*, 31 C. C. P. A. (Customs) 36, 42, C. A. D. 246.

Obviously the appraiser indicated to the witness, a man of twenty-eight years experience in customs brokerage, that the valuation was too low or the letters to the Canadian manufacturer would not have been written and this, in the wording of the *Wolf* case rule should have caused a prudent or reasonable person "to question the correctness of the values given by him." Furthermore, the witness admitted that the appraiser "may have indicated" to him in a conversation that the value was too low. Yet we find no suggestion that the witness even made enquiry of the exporter as to what amount of duty it had actually included in the invoice price. That the deduction was made on an assumption could not have been absent from the witness's own mind. At least he knew what he himself had done.

There is no evidence of any communication with the purchaser. All three of the letters to the manufacturer were sent under the constant prodding of the appraiser, taking them at face value, and when the answer came, no effort was made to amend the entered value to the value shown by the manufacturer's answer giving production costs, or to amend to the appraised value. There was a period of seven months during which this could have been done.

Under the circumstances, we see no error in the refusal of the Customs Court to make the finding prayed for and its judgment is therefore *affirmed*.

JACKSON, J., Retired, recalled to participate herein in place of COLE, J., absent because of illness.